IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Jason Bradley Sims; Corvin Jauwan Young; James Tyriek Scott; Dadrin Jerome Johnson; Thomas Jamar Walker, Sr.,

Plaintiffs,

v.

State of South Carolina, County of Spartanburg; United States of America; Spartanburg County Sheriffs Department; Spartanburg Police Department; Spartanburg County Detention Facility; Seventh Judicial Circuit Public Defender; McDaniels Supply Company; Spartanburg Regional Medical Center; Amy W. Cox, Seventh Judicial Circuit Clerk of Courts; Government Accountability Office; Comptroller General of the United States; City of Spartanburg; Daniel Robert Liflander; City of Wellford; Wellford Police Department; Seventh Judicial Circuit of South Carolina; Government Accounting Standards Board; Michael Anthony Rice; Donald Carabba; Kayla Michelle Clark; Office of Disciplinary Counsel; South Carolina Bar Association; Danny Lee McSwain,

Defendants.

C/A No. 0:26-cv-873-JFA-PJG

**MEMORANDUM ORDER AND OPINION**

Plaintiff Jason Bradley Sims, proceeding *pro se*, filed this motion to disqualify the Magistrate Judge (ECF No. 64) due to perceived conflicts of interest. For the following reasons, Plaintiff's motion to disqualify the Magistrate Judge is denied.

## I. LEGAL STANDARD

A judge may on their own or by motion be disqualified from a case to avoid the

appearance of partiality based on personal bias or prejudice. 28 U.S.C. §§ 144, 455(a). Whether sua sponte or by motion, a judge "shall disqualify [herself] in any proceeding in which [her] impartiality *might reasonably* be questioned." *Id.* § 455(a) (emphasis added). In a motion for disqualification, the moving party must articulate a "personal bias or prejudice either against him or in favor of any adverse party." *Id.* § 144. Allegations that create even the appearance of partiality can warrant disqualification. *See Strickland v. United States*, 32 F.4th 311, 345 (4th Cir. 2022).

In a motion to disqualify the judge, the appropriate inquiry is whether, applying an objective standard, "the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses 'all the facts and circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (quoting *United States v. Sellers*, 566 F.2d 884, 887 (4th Cir. 1977)); *Strickland*, 32 F.4th at 345. Neither a judge's attenuated relationship to a proceeding nor "unsupported, irrational or highly tenuous speculation" requires recusal. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003); *Megaro v. McCollum*, 66 F.4th 151, 163 (4th Cir. 2023). "Assertions merely of a conclusionary nature are not enough, nor are opinions or rumors." *Farkas*, 669 F. App'x at 123 (quoting *United States v. Haldeman*, 559 F.2d 31, 34 (D.C. Cir. 1976)). Further, the inquiry is a specific one because bias and prejudice is not "personal," and therefore "not disqualifying, if it relates to a *class of cases*." *Duplan Corp. v. Deering Milliken, Inc.*, 400 F. Supp. 497, 516 (D.S.C. 1975) (emphasis added).

## II. ANALYSIS

Raising concerns about the financial structure of the federal government and his

disagreement with the Magistrate Judge's court orders, Plaintiff fails to identify any sufficient basis for disqualification of the Magistrate Judge. Plaintiff raises only nonspecific, speculative, and generalized allegations which fail to create any reasonable appearance of bias or prejudice.

First, Plaintiff suggests an "actual conflict of interest" arises in this case because the Magistrate Judge is employed by one of the defendants—The United States of America. (ECF No. 64, p. 2). However, the fact that the Magistrate Judge's and the undersigned's salaries are paid by the United States "neither dictates nor suggests the need for recusal" under § 455(a). *United States v. Zuger*, 602 F. Supp. 889, 892 (D. Conn. 1984), *aff'd*, 755 F.2d 915 (2d Cir. 1985). In fact, federal courts and, thus, federal judges, are constitutionally authorized to preside over cases to which the United States is a party. U.S. Const. art. III, § 2. The Constitution expressly extends jurisdiction to federal courts to "all Cases, in Law and Equity" in which "the United States shall be a Party." *Id.* Notwithstanding the Constitution's acquiescence to the federal judiciary's authority over the United States as a party to the case, Plaintiff's arguments also lack the necessary specificity and reasonableness that would warrant disqualification.

Plaintiff's desired relief underscores the baseless nature of this motion: Plaintiff's motion seeks assignment to another magistrate judge to resolve this alleged conflict of interest. (ECF No. 64, p. 7). However, any federal judge, including other magistrate judges and district court judges, would inevitably face the same alleged conflict.[1] Based

[1] Plaintiff seems to suggest that the undersigned could set aside the same alleged "conflict." (ECF No. 74, p. 1). To be clear, any such distinction between the Magistrate Judge and the

on Plaintiff's argument, disqualification "would not be restricted to any one judge, but would mean that no federal judge could preside over" this case. *Zuger*, 602 F. Supp. at 892. Such an expansive basis for disqualification "would further violate the time-honored Rule of Necessity" that precludes disqualification if there is no other judge available to hear and decide the issue. *Id.* (citing *United States v. Will*, 449 U.S. 200 (1980)). By that same logic, disqualification is intended only to resolve those extraordinary occurrences of personal prejudice or bias, not unavoidable, everyday interrelatedness. *See Duplan Corp.*, 400 F. Supp. at 517 ("If it did, the disqualification of judges would be a matter of every-day rather than the unusual and extraordinary occurrence which the statute is designed to meet."). The unavoidable inclusion of every federal judge within the class of "conflicted" judges underscores the nonspecific nature of this motion to disqualify the Magistrate Judge. Therefore, the Magistrate Judge is not disqualified from this case based on her federal employment.

Plaintiff's two additional arguments seek disqualification and reassignment based on the substance of the Magistrate Judge's rulings—neither argument offers any reason for disqualification. First, Plaintiff argues that the Magistrate Judge's allegedly erroneous rulings are evidence of bias. (ECF No. 64, p. 4). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Even so, "a motion to recuse because of the appearance of impartiality may not be based merely upon unfavorable judicial rulings regardless of the correctness of those rulings." *James v. Jackson*, No. 08-cv-144, 2008 WL 8869693, at *1 (D.S.C.

---

undersigned lacks merit and is unworthy of this Court's response.

2008) (quoting *McBeth v. Nissan Motor Corp., U.S.A.,* 921 F. Supp. 1473, 1484 (D.S.C. 1996)), *aff'd*, 350 F.App'x 790 (4th Cir. 2009).

Here, Plaintiff takes particular issue with the Magistrate Judge's Proper Form Order (ECF No. 5) and Report and Recommendation (ECF No. 44). The Proper Form Order offers Plaintiffs guidance to bring their initial filing into conformity with the Court's procedural requirements. (*See* ECF No. 5). The Proper Form Order did not "generate filing fees in benefit" of this court. (ECF No. 64, p. 4–5). Instead, it specifically included directions about the ability to proceed *in forma pauperis*, and the Clerk of Court included the corresponding form in its mailing. (ECF Nos. 5, 6). Again, the Magistrate Judge attempted to assist Plaintiffs in her Report and Recommendation. (ECF No. 44). The Report does not "threaten" Plaintiffs with dismissal but affords Plaintiffs an opportunity to cure identified deficiencies. (ECF No. 44, p. 8). Alleging "feigned" "ignorance" by the Magistrate Judge as a basis for prejudice, Plaintiff's grievance ignores the various opportunities afforded by the Magistrate Judge to Plaintiffs to come into compliance with the procedural requirements set forth by this Court. Neither those examples nor a review of the docket offer any indication of bias or prejudice by the Magistrate Judge.

Second, Plaintiff asks this Court to infer bias from the Magistrate Judge's description of Plaintiffs as "current and former pretrial detainees." (ECF No. 64, p. 7). This is most appropriately construed as an objection to the Magistrate Judge's Report and Recommendation (ECF No. 44), not a basis for disqualification. Even liberally construing the argument as an allegation of bias and prejudice, the truth remains: Plaintiffs are, in

fact, pretrial detainees.

Further, Plaintiffs' pretrial status has no bearing on the applicable legal standard. The presumption of innocence is a standard that reflects the burden of proof in criminal cases. Civil courts are open to all persons, without regard for their guilt or innocence in separate criminal proceeding, and the specialized rules from which Plaintiff asks this Court to infer bias or prejudice plainly apply to pretrial detainees. 42 U.S.C. § 1997e(h) (defining "prisoner" to mean "any person *incarcerated or detained in any facility who is accused of*, convicted of . . . violations of criminal law" (emphasis added)). An argument about misapplication of the law does not imply bias on behalf of the Magistrate Judge. Instead, such an argument is a matter to be resolved in objections to the Report and Recommendation or by later appeal. Therefore, Plaintiff's final arguments for disqualification are equally without merit.

At their core, Plaintiff's arguments reveal disagreement with the Magistrate Judge's rulings. Plaintiff offers no evidence to raise even an appearance of partiality from the Magistrate Judge's handling of this case. Plaintiff's disagreement with her rulings and apparent disdain for the court's guidance are not a proper basis to infer bias or prejudice. Recusal is "not warranted simply because a party 'might prefer that some other judge try his case.'" *Duplan Corp.*, 400 F.Supp. at 514. Despite its name, this motion merely seeks a different audience while restating and reframing objections to the Magistrate Judge's Report and Recommendation. Plaintiff identifies no specific basis for disqualification that is personal to the Magistrate Judge or objectively reasonable. This Court has no doubt concerning the Magistrate Judge's impartiality and finds no reasonable person with

knowledge of the facts would come to any different conclusion.

**III. CONCLUSION**

For the above reasons, this motion is denied, and all pending motions remain referred to the Magistrate Judge.

IT IS SO ORDERED.

September 21, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge