IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Jason Bradley Sims; Corvin Jauwan Young; James Tyriek Scott; Dadrin Jerome Johnson; Thomas Jamar Walker, Sr.,

Plaintiffs,

v.

State of South Carolina, County of Spartanburg; United States of America; Spartanburg County Sheriffs Department; Spartanburg Police Department; Spartanburg County Detention Facility; Seventh Judicial Circuit Public Defender; McDaniels Supply Company; Spartanburg Regional Medical Center; Amy W. Cox, Seventh Judicial Circuit Clerk of Courts; Government Accountability Office; Comptroller General of the United States; City of Spartanburg; Daniel Robert Liflander; City of Wellford; Wellford Police Department; Seventh Judicial Circuit of South Carolina; Government Accounting Standards Board; Michael Anthony Rice; Donald Carabba; Kayla Michelle Clark; Office of Disciplinary Counsel; South Carolina Bar Association; Danny Lee McSwain,

Defendants.

C/A No. 0:26-cv-873-JFA

**MEMORANDUM ORDER AND OPINION**

Plaintiff Jason Bradley Sims, a self-represented pretrial detainee, initiated this action with a letter addressed to the United States District Attorney requesting an investigation into alleged corruption by the Spartanburg County Detention Center, Spartanburg County, and the State of South Carolina. (ECF No. 1). The court issued a

Proper Form Order instructing Plaintiff Sims to complete a standard complaint form containing the information necessary for the court to conduct initial review. (ECF No. 5). In response, the above-named plaintiffs filed a 111-page Amended Complaint naming twenty-four defendants. (ECF No. 7). Thereafter, the Magistrate Judge assigned to the case performed an initial review pursuant to 28 U.S.C. § 1915 and § 1915A.[1] After performing this review, the Magistrate Judge issued an Order and Report and Recommendation[2] noting that "this action is subject to summary dismissal if Plaintiffs do not amend the Amended Complaint to cure the deficiencies identified herein." (ECF No. 44, p. 2). Despite the deficiencies, the Magistrate Judge did not recommend dismissal at that time. Instead, the Report granted Plaintiffs 21 days to file an additional amended complaint to correct the numerous deficiencies specifically identified. Plaintiffs were again warned that should they "fail to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915A." (ECF No. 44, p. 8).

Despite this admonition, Plaintiffs failed to file an amended complaint rectifying the identified shortcomings. Accordingly, the court finds it proper to review the Amended Complaint pursuant to 28 U.S.C. § 1915A. Although Plaintiffs never filed a new amended

---

[1] Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Also, as part of its initial review of a *pro se* prisoner complaint, the court must identify *cognizable* claims. 28 U.S.C. § 1915A(b).

[2] This Report adjudicated several motions and further recommended this court deny the motion for class certification. (ECF No. 44).

complaint to correct the deficiencies, Sims did file "objections" to the Report. (ECF Nos. 62 & 86). The court has reviewed the Report and Sims' objections. Because the Report did not recommend dismissal, this court is not reviewing the Report to adopt its recommendation. Rather, the court is undertaking its own initial review pursuant to 28 U.S.C. § 1915.[3]

In performing a screening pursuant to § 1915, the court is mindful of the duty to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**1. Failure to Comply with the Federal Rules of Civil Procedure**

The Amended Complaint is subject to summary dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure's requirement that a pleading contain "a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (emphasis added). Complaints that are too lengthy or not plain may be stricken or dismissed without prejudice to refile in compliance with the rule. *See generally Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 595 (S.D.N.Y. 2013) ("When a complaint does not comply with Rule 8, by virtue of a plaintiff's including

[3] However, the court would note that this burden has been significantly lightened as the Magistrate Judge conducted a fulsome screening when advising Plaintiff of the deficiencies within the operative pleading.

redundant or unnecessary allegations, the court may dismiss the complaint or strike those portions that are redundant or immaterial.") (internal quotations marks omitted); *see also U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2004) (collecting cases).

Pursuant to Federal Rule of Civil Procedure 20, persons may join in one action as plaintiffs if they assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20. However, prisoners proceeding *in forma pauperis* under the PLRA are each responsible for payment of their full filing fee. *See* 28 U.S.C. § 1915(b)(1). All four plaintiffs in this action have indicated their desire to proceed *in forma pauperis*. (ECF Nos. 8, 12). While the United States Court of Appeals for the Fourth Circuit has not definitively decided whether multiple *pro se* prisoners proceeding *in forma pauperis* may join as plaintiffs in a civil rights action, courts in this district have routinely declined to permit joinder in such circumstances. *See Gaulman v. Alvin* S.G.D.C., C/A No. 9:22-4115-RMG-MHC, 2023 WL 2529663, at 1 n.2 (D.S.C. Feb. 22, 2023) (collecting cases), *R&R adopted*, 2023 WL 2529209 (D.S.C. Mar. 15, 2023); *see also Ellis v. Werfel*, 86 F.4th 1032, 1037-38 (4th Cir. 2023) (declining to express a "view on . . . whether § 1915(b)(1) indeed bars joint prisoner actions when proceeding *in forma pauperis*").

Further, to the extent the Amended Complaint contains multiple, apparently unrelated claims, the plaintiffs are required to pursue separate claims as separate actions. *See* Fed. R. Civ. P. 20(a)(2) (providing a plaintiff may bring a claim against multiple

defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."); Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (providing that where a plaintiff fails to observe the requirements of Federal Rule of Civil Procedure 20(a)(2) with respect to joinder of parties, unrelated claims against different defendants belong in separate lawsuits, and the action may be severed into separate lawsuits, or the improperly joined defendants may be dismissed).

**2. Defendants Not Amenable to Suit**

Plaintiffs' claims for damages against state actors are construed as claims pursuant to 42 U.S.C. § 1983. A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants State of South Carolina, Spartanburg County, Spartanburg County Sheriffs Department, Spartanburg Police Department, Spartanburg County Detention Facility, Seventh Judicial Circuit Public Defender, Spartanburg Regional Medical Center,

City of Spartanburg, City of Wellford, Wellford Police Department, Seventh Judicial Circuit for South Carolina, Office of Disciplinary Counsel, and South Carolina Bar Association are not "persons" amenable to suit under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). Nor does the Amended Complaint identify an official policy or custom responsible for the plaintiffs' injuries such that municipal liability may attach to the municipal defendants. *See Walker v. Prince George's Cty.*, 575 F.3d 426, 431 (4th Cir. 2009); *Monell*, 436 U.S. at 694.

Similarly, Defendant McDaniels Supply Company appears to be a private corporation. Plaintiffs have not alleged facts plausibly showing that McDaniels Supply Company should be considered a state actor for purposes of § 1983. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' ") (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 n.18 (1982)). Nor have Plaintiffs alleged a deprivation of federal rights due to an official policy or custom enacted by McDaniels Supply Company. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) ("[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.").

Plaintiffs purport to assert claims against Defendants Rice, Carabba, Clark, and McSwain for violations of South Carolina criminal statutes. (*See* ECF No. 7, p. 11, 13).

These defendants appear to be private individuals and not state actors and are therefore not amenable to suit under § 1983. In addition, Plaintiffs have no authority or standing to bring criminal charges against individuals. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Harris v. Salley*, 339 F. App'x 281 (4th Cir. 2009).

Plaintiffs also name Daniel Liflander as defendant in both his individual and official capacity for violations of "S.C. Code Ann. § 16-03-600(e)(1) while under employment of Defendant Spartanburg Regional Medical Center." (ECF No. 7, p. 6). Plaintiffs allege that while Defendant Liflander was employed as a security guard, he "began to maliciously twist the fingers of the secured hands of the Plaintiff Sims with the intent to cause pain and comfort to Plaintiff Sims." *Id.* Further, Defendant Liflander, Plaintiffs allege, made a false accusation against Plaintiff Sims regarding an attempted assault and batter that the plaintiff did not have the present ability to commit due to this full restraint. It is unclear whether Plaintiffs allege that Defendant Liflander was acting under color of law in his employment at Spartanburg Regional Medical Center as required to assert a claim under 42 U.S.C. § 1983. The relief sought clarifies Plaintiffs' intent is to pursue criminal charges—not a civil action. (*See* ECF No. 7, p. 86–87). Plaintiffs seek no compensatory damages arising from this incident—only prospective relief in the form of "the opportunity to bring forth criminal charges" against Defendant Liflander for assault and battery and perjury. *Id.* As discussed above, Plaintiffs have no authority or standing to bring criminal charges against individuals. *See Linda R.S.*, 410 U.S. at 619 ("[A] private citizen lacks a judicially cognizable interest in the prosecution

or nonprosecution of another."); *Harris*, 339 F. App'x 281 (4th Cir. 2009).

Alternatively, Plaintiffs seek punitive damages for Defendant Liflander's "sadistic and malicious intent . . . to cause unjustified pain." (*See* ECF No. 7, p. 97). A claim for punitive damages requires more than what Plaintiffs plead here. The only allegation of physical harm included a singular instance of twisting Plaintiff Sims's fingers with no allegations of compensatory damages to accompany the alleged assault. Without more, this general allegation cannot state a claim against Defendant Liflander that supports punitive damages—especially when Plaintiffs plead no general damages.

**3. The Federal Defendants**

In addition to state actors and private individuals, Plaintiffs name as defendants the United States of America, Government Accountability Office, Comptroller General of the United States, and the Government Accounting Standards Board, for their decisions related to the disbursement of funds to South Carolina. (*See* ECF No. 7 at 12-13.) Plaintiffs generally allege violations of their First, Fourth, Fifth, Sixth, and Eighth Amendment rights by these defendants.

In *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court established a remedy for plaintiffs alleging certain constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities. *Id*. Based on *Bivens*, courts have recognized that neither federal agencies nor federal officials in their official capacities can be sued for monetary damages in a *Bivens* action. *F.D.I.C. v. Meyer*, 510 U.S. 471, 483–86 (1994) (holding that a *Bivens* action cannot lie against a federal agency); *Doe v.*

*Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a *Bivens* action does not lie against either agencies or officials in their official capacity"); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government."). The federal defendants named in this action are therefore not amenable to suit for damages.

To the extent that any other defendant not specifically referenced above is named in the caption of the operative pleading, a review of the Amended Complaint indicates that Plaintiff has failed to state claim as to that defendant. The Court has thoroughly reviewed Plaintiffs' Amended Complaint and simply cannot discern a plausible claim as to any named defendant. Consequently, the Amended Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

Sims's objections to the Report expressed his general disagreement with the Magistrate Judge's analysis but failed to correct the deficiencies noted in the Report. (ECF Nos. 62 & 86). Again, Plaintiffs were specifically advised of these deficiencies and granted an opportunity to file another amended complaint to correct the errors.[4] However, Plaintiffs failed to file an Amended Compliant or otherwise correct these deficiencies. Accordingly, the Amended Complaint is subject to dismissal notwithstanding Plaintiffs' arguments to the contrary. This action is dismissed without prejudice and without leave for further amendment. Given this determination, all other pending motions are terminated as moot.

[4] Plaintiff Sims acknowledged this directive when he "conceded[d]" the need to amend the complaint in his objections to the Report, albeit for different reasons. (ECF No. 62, p. 12).

IT IS SO ORDERED.

November 18, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge